IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| HERSCHEL D. RENEAU, ET AL., } <br> } <br> Plaintiffs } <br> } <br> vs. } <br> } <br> OAKWOOD MOBILE HOMES, ET AL., } <br> } <br> Defendants } | CIVIL ACTION NO. <br><br> 97-AR-0014-M |

ENTERED
JAN 28 1997

## MEMORANDUM OPINION

On January 7, 1997, this court raised the question of jurisdiction in the above-entitled removal by making a *sua sponte* motion to remand all or part of the case to the Circuit Court of DeKalb County, Alabama. The court set the matter on its regular motion docket for January 16, 1997. Defendants, Oakwood Mobile Homes ("Oakwood") and Silhouette Mobile Homes ("Silhouette"), removed the case to this court on January 2, 1997, under 28 U.S.C. §§ 1331 and 1441(b) on the basis of the existence of a federal question. What kinds of entities defendants are is not reflected in the complaint or in the notice of removal. The court will assume that defendants are corporations, but that fact is not relevant to the jurisdictional issue.

In Count Two of their complaint plaintiffs, Herschel D. Reneau and Patricia Reneau, claim that defendants committed a federal statutory tort by violating the Magnuson-Moss Warranty Act, 15

1

U.S.C. §§ 2301 *et seq*. (Magnuson-Moss). In Count One plaintiffs claim a simple breach of an implied warranty of merchantability under Alabama law. It is clear that both counts arise out of the same set of operative facts and therefore do not constitute "separate and independent claims or causes of action" as that term is generally understood, and as the term appears in 28 U.S.C. § 1441(c), which reads as follows:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

It is equally clear that state courts have jurisdiction concurrent with that of federal courts over causes brought under Magnuson-Moss. The procedural posture of this case raises several interesting questions.

First, the absence in the notice of removal of a copy of the summons served on Oakwood is a clear procedural defect. An unequivocal requirement of 28 U.S.C. § 1446(c) is that copies of all "process" be included in the notice of appeal. Another defect quickly detected is the absence in the removal notice of the motion to dismiss filed by Oakwood in the state court on December 19, 1996. This court makes no point of the third probable defect occasioned by the absence from the removal papers of an order entered by the state court on January 2, 1997, inasmuch as that

order, in theory at least, could have been entered by the state judge <u>after</u> the removal notice was filed in this court at 5:28 P.M. on January 2, 1997. Apparently plaintiffs here are willing to sit on their hands while the 30 days within which, pursuant to 28 U.S.C. § 1447(c), they can take advantage of these fatal procedural shortcomings, elapse. Although this court, on its own, <u>must</u> examine its subject matter jurisdiction, it cannot act *sua sponte* upon a defect in the removal procedure.

Second, under Rule 81, F.R.Civ.P., defendants only had ten (10) days from filing their notice of removal within which to answer or otherwise respond to the complaint. Silhouette not having done so, is in default. In the order of January 7, 1997, this court even reminded the parties to "pay particular attention to Rules 81 [etc.]." Again, plaintiffs have failed to pounce. Perhaps plaintiffs are counting upon this court to recognize a lack of subject matter jurisdiction. If this court does lack subject matter jurisdiction, an entry of default by the Clerk against Silhouette would, of course, be meaningless.

Third, plaintiffs could very easily obtain a remand of the entire case and thus obviate further discussion of jurisdictional issues, procedural or substantive, by the simple expedient of dismissing their Magnuson-Moss count, thus removing the only possible basis for jurisdiction in this court. In this court's humble opinion plaintiffs can obtain substantially all the relief

under Count One that they could obtain under Count Two. Count Two is redundant, being based on the same facts supporting Count One, and seeking the same $100,000 in compensatory damages. Plaintiffs cannot be compensated twice for the same loss. The only real difference between the two counts is that it is possible to recover attorneys fees under the Magnuson-Moss count. The potential attorneys fee bonus under Count Two might not be worth the price of being wrested from plaintiffs' warm, comfortable, close-by, familiar state forum in DeKalb County and being dragged 100 miles to the Birmingham federal courthouse.

Assuming *arguendo* that this court has obtained jurisdiction of the state claim under the concept of supplementary jurisdiction over state claims provided by 28 U.S.C. § 1367(a), that jurisdiction would disappear pursuant to § 1367(c) if the federal claim is dismissed. Two very recent cases on the subject are instructive. *In the Matter of Florida Wire & Cable Co.*. 102 F.3d 866, (7th Cir. 1996), and *Riley v. Carson Pirie Scott & Co.*, 946 F. Supp. 716, (E.D. Wis. 1996), both reiterate the federal court's discretion to remand a case after its jurisdictional basis for a proper removal disappears. In *Riley* the court held:

> Under 28 U.S.C. § 1367(a), the district court has original jurisdiction over the federal claim and supplemental jurisdiction over the state law claim. Once the court allows a plaintiff to amend the complaint and drop the federal claims, the court has lost its original jurisdiction and has the discretion to remand the case. 28 U.S.C. § 1367(c).

\* \* \*

> Once the court allows the amended complaint, there is no reason for the court to continue to maintain supplemental jurisdiction. When the case has just begun and the federal claims have all been dismissed, the court should generally relinquish jurisdiction.

*Id.* at 717. (citations omitted). If within thirty (30) days from this date, plaintiffs move to dismiss Count Two, this court will grant their motion and will remand the balance of the case. In such event this discussion will become an academic exercise, if it is not already one.

As it now stands, there is a fourth, and most intriguing, academic question. This is the thing that provided the impetus and the irresistible impulse for this court to write this opinion. The question arises from the fact that defendants in paragraph 6 of their notice of removal specifically refer to *Alexander v. Goldome Credit Corp.*, 772 F. Supp. 1217 (N.D. Ala. 1991), and follow said reference with a contention that issues of state law "do not substantially predominate over a claim over which the Court has original removal jurisdiction." This would indicate that defendants are worried over the possible applicability of § 1367(c)(2) and/or § 1441(c). If it is § 1441(c) that defendants are worried about, they have not read § 1441(c) carefully and/or are unaware of the aftermath of *Alexander*. The undersigned authored *Martin v. Drummond Coal Co.*, 756 F. Supp. 524 (N.D. Ala. 1991), and *Holland v. World Omni Leasing, Inc.*, 764 F. Supp. 1442 (N.D. Ala. 1991),

5

before Judge Hobbs wrote *Alexander*. Sadly, *Alexander, Martin* and *Holland* have all been overruled by the Eleventh Circuit. Defendants' citation to *Alexander* is puzzling because the central idea in *Alexander, Martin* and *Holland* was obliterated by the Eleventh Circuit in *In re City of Mobile*, 75 F.3d 605 (11th Cir. 1996). Judge Birch dissented in *City of Mobile*. He tried valiantly but unsuccessfully to convince the Eleventh Circuit to adopt *Alexander, Martin* and *Holland* and to hold that § 1441(c) allows the remand of an entire case if the district court determines that state law predominates in a case removed on the basis of the existence of a federal question if the state law claims are "separate and independent" of the federal claim. Without blushing, this court expresses its belief that Judge Birch's reasoning outdid the reasoning of the majority in *City of Mobile*. This court is emboldened to express this opinion not by the fact that Judge Godola used this court's *Holland* case as authority <u>after</u> *In re Mobile* was decided. *See Battle v. Park Geriatric Village Nursing Facility*, ___ F. Supp. ___, 1996 WL 717334 (E.D. Mich. 1996). Instead, this court's willingness publicly to laud Judge Birch upon his perspicacity comes from the fact that <u>after</u> *In re Mobile*, the Fifth Circuit, the court from which the Eleventh Circuit sprang like Eve from Adam's rib, held in *Eastus v. Blue Bell Creameries*, 97 F.3d 100 (5th Cir. 1996), as follows:

> Before the 1990 amendments, § 1441(c) allowed the district

6

>court to "remand all matters not otherwise within its original jurisdiction." Thus, the court had the discretion to remand any state law claims that were separate and independent from the federal cause of action.
>
>The new version allows remand of "all matters in which State law predominates." <u>Courts that have considered the meaning of the new § 1441(c) have decided overwhelmingly that the provision now permits them to remand the entire action, federal claims and all, if the state law claims predominate</u>.

*Id.* at 105 (emphasis supplied) (citing *Alexander, Martin* and *Holland*.) The Fifth Circuit in *Eastus* simply ignored *City of Mobile*. It does something for this court's sagging ego to know that the Fifth Circuit, whether deliberately or by accident, thinks that Judges Hobbs and Acker have "overwhelmed," if not "overcome," the Eleventh Circuit. It is sort of like the miracle of resurrection. This court will, of course, not let itself get carried away by what the Fifth Circuit did. Instead, because Count One of the instant complaint (the state law claim) is <u>not</u> "separate and independent" from the cause of action in Count Two (the federal claim), an entirely separate argument will have to suffice. It is simply this: using the pertinent statutory language, Count One could not have been removed in the first place and therefore must be remanded.

This removal took place under § 1441(b), which allows the <u>removal</u> of actions over "which the district courts have <u>original</u> jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." (emphasis

7

supplied). This court would certainly have had <u>original</u> jurisdiction over the Magnuson-Moss claim if it had initially been filed here. But, for a state claim to be <u>removable</u> under § 1441(c), as distinguished from being permissibly filed in federal court <u>originally</u>, the removing party must demonstrate that the "otherwise non-removable claims or causes of action" be "separate and independent" from the federal claim. The right of a district court pursuant to 28 U.S.C. § 1367(a) to assume supplemental jurisdiction over a state claim, if that claim is not "separate and independent" of an otherwise removable claim, only applies to cases <u>originally</u> filed in the district court and not to cases <u>removed</u> to the district court. Assuming that § 1441 is to be construed *in pari materia* with § 1367, the mandatory strict construction of removal statutes absolutely prevents the removal of a state claim <u>unless it is separate and independent</u> from a federal claim. Such is not the case here. If, contrary to this rule of strict construction of removal statutes, a core principle of federalism, § 1367(a) should somehow be construed to allow <u>all</u> tag-along supplementary state claims to be removed, rather than only to be filed originally in the district court, then § 1367(c)(2) makes easy the remand of Count One, even if § 1367(c)(3), discussed *supra*, does not come into play. Count One appears <u>first</u> in this complaint because it is the more important of the two claims. It <u>predominates</u> over Count Two. Thus, as an alternative approach, the language of

8

§ 1367(c)(2) convinces this court to decline supplemental jurisdiction over the state claim. The pertinent language is:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction.

28 U.S. § 1364(c)(2).

When the Eleventh Circuit in *City of Mobile* issued its writ of mandamus instructing Judge Butler to recapture a case he had already remanded, the Eleventh Circuit not only distanced itself from the Fifth Circuit in *Eastus* but diverged dramatically from the generally accepted federal jurisprudence arising from 28 U.S.C. § 1447(d), and in particular from what the Fourth Circuit said in *In re Lowe*, __ F.3d __, 1996 WL 721877 (4th Cir. 1996). In *Lowe*, the Fourth Circuit held that a district court <u>cannot</u> recapture a remanded case from the state court once the order of remand is entered, even though the clerk of the federal court has not yet mailed the order of remand to the state court clerk. *City of Mobile* proves that at least within the Eleventh Circuit such a case <u>can</u> be recaptured from a state court after an order of remand, although this court does not know how to do it. If this court should be told in this case to recapture the state claim it is about to remand, it will ask Judge Butler how he did it.

Without a motion to dismiss the Magnuson-Moss count, this

9

court can and will remand only the state law claim in Count One, either because that claim could not have been removed, or in an exercise of the discretion this court has to decline supplementary jurisdiction over a predominant purely state law claim. The court will await plaintiffs' reaction to this opinion before deciding what to do with Count Two, the Magnuson-Moss claim.

Judge Birch in his dissent in *City of Mobile* emphasized the problems which inhere in the simultaneous litigation of controversies between the same parties in a federal and state court. This court hopes that such a complication can be avoided here.

An appropriate, separate order of partial remand will be entered.

DONE this 28th day of January, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE