FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

97 JAN 31 PM 3: 22

U.S. DISTRICT COURT
N.D. OF ALABAMA

HERSCHEL D. RENEAU, ET AL.,       }
                                  }
     Plaintiffs,                  }
                                  }          CIVIL ACTION NO.
     vs.                          }
                                  }          97-AR-0014-M
OAKWOOD MOBILE HOMES, ET AL.,     }
                                  }
     Defendants.                  }

ENTERED

JAN 31 1997

## AMENDMENT TO MEMORANDUM OPINION ACCOMPANYING
## ORDER OF PARTIAL REMAND

It has become glaringly apparent to this court[1] that in its
haste to expound upon the principles of federalism, it revealed
its own imperfection.  The court has come[2] to find out that in the
instant action, while providing plaintiffs' counsel with a crash
course in the art of remanding a case, it provided counsel with
some incorrect information.  What the court stated could fairly be
called a defect in describing a defect.  Although this court's
mistake has no bearing on the end result, this court is compelled
to correct its error so that counsel, and parties alike, will not
be able to say that the court does not know the difference between
a "notice of removal" and a "notice of appeal."

---

[1] This court shall and does include not only the undersigned, but his law
clerk who had the unenviable experience of assisting the undersigned in this fly-
specking endeavor, but who didn't fly-speck the judge sufficiently.

[2] Actually, this court did not find out of its potential for haste sua
sponte.  Instead, the undersigned was informed by a honorable colleague on this
bench of his mistake and that when it comes to remand he has a tendency, perhaps
a propensity, to toil for the benefit of the non-removing party.  To this
accusation, the court pleads nolo contendere.

Before the court gets around to informing the parties of the precise defective sentence they may have already noticed and chuckled about, this court justifies its error with a "Nobody's Perfect."  Of course, this court will continue to expect perfection from those who remove causes to this court.  Otherwise, they can expect this court's propensity to insist on the great principle of federalism to manifest itself.

With the above heretofore stated and with the egg still on its face this court acknowledges its mistake and SUBSTITUTES for the following language on page 2 of its memorandum opinion entered January 28, 1997, "[a]n unequivocal requirement of 28 U.S.C. § 1446(c) is that copies of all 'process' be included in the notice of appeal" the following language "[a]n unequivocal requirement of 28 U.S.C. § 1446(c) is that copies of all 'process' be included in the notice of removal."  (emphasis in this order but not in the amended opinion).

DONE this 31st day of January, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT